UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. FLYNN and PHILLIP H. HARTMAN,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL E. LOVE and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 21-CV-629 JLS (KSC)<br><br>**ORDER (1) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND (2) STAYING ACTION PURSUANT TO THE FIRST-TO-FILE RULE**<br><br>(ECF Nos. 3, 4) |

Presently before the Court are Defendant Michael E. Love's ("Defendant") Motion to Dismiss Under the First-to-File Rule and Under Rule 12(b)(6) ("Mot.," ECF No. 3) and supporting Request for Judicial Notice ("RJN," ECF No. 4). Also before the Court is Plaintiffs Michael J. Flynn and Phillip H. Hartman's (collectively, "Plaintiffs") Opposition to ("Opp'n," ECF No. 6) and Defendant's Reply in support of ("Reply," ECF No. 8) the Motion. The Court took these matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered the Parties' arguments and the relevant law, the Court **GRANTS** Defendant's RJN and **STAYS** the action pursuant to the first-to-file rule.

/ / /

/ / /

1

# BACKGROUND

Defendant is a founding member and lead singer of the Beach Boys. *See* ECF No. 1-2 (Compl.) ¶ 3. Plaintiffs are Defendant's former attorneys, who allege that they "miraculously obtained songwriting credit" for Defendant on thirty-five of his songs in prior litigation. *Id.* ¶ 7. The Parties' Contingency Fee Agreement ("Agreement") arose from the prior litigation, whereby Defendant has been obligated to pay Plaintiffs thirty percent of the money he receives by virtue of the songwriting credits. *Id.* ¶ 8. However, in 2017, Defendant allegedly ceased paying Plaintiffs royalties pursuant to the Agreement. *Id.* ¶ 9.

On May 9, 2019, Plaintiffs filed suit in the District of Nevada (the "Nevada Action"). Mot. at 2. Plaintiffs initially alleged that Defendant's wife acted as Defendant's agent in breaching the Agreement. *Id.* Plaintiffs thereafter filed several amended complaints, adding Defendant and others as parties to the litigation. *Id.* at 3. Presently, and as relevant to the instant matter, the operative complaint in the Nevada Action asserts claims against Defendant for breach of contract, quantum meruit, and unjust enrichment. *Id.*

However, soon after Plaintiffs filed their initial complaint in the Nevada Action, the Parties entered into non-binding arbitration under the California Mandatory Fee Arbitration Act ("MFAA"), Cal. Bus. & Prof. Code §§ 6200 *et seq. Id.* The court in the Nevada Action stayed the litigation pending resolution of the arbitration. *Id.*[1] The Arbitration Panel found the Agreement valid and found Plaintiffs were entitled to $2,645,340.20. Compl. ¶ 68. Following resolution of the arbitration, the court in the Nevada Action lifted the stay. Mot. at 3.

///
///
///

---

[1] California Business & Professions Code § 6201(c) provides that, "[u]pon filing and service of the request for arbitration, the action or other proceeding shall be automatically stayed until the award of the arbitrators is issued or the arbitration is otherwise terminated."

Given the non-binding nature of the MFAA arbitration, Defendant filed a Notice of Rejection in the Nevada Action and requested a trial *de novo*. *Id.* at 4.[2] Defendant also filed a protective action for trial *de novo* in California Superior Court on March 3, 2021 (the "Protective Action"). *See* Declaration of Vincent H. Chieffo in Support of Motion ("Chieffo Decl.," ECF No. 3-1) ¶ 11. Plaintiffs filed suit in California Superior Court on the same day. Mot. at 4.[3] On April 12, 2021, Defendant removed the action to this Court. *See* ECF No. 1 ("Removal").[4] Plaintiffs claim to accept the Arbitration Panel's decision as to the validity of the Agreement but seek trial *de novo* on the issue of damages. Compl. ¶ 69. In their Complaint, Plaintiffs assert claims for breach of contract, services rendered, and unjust enrichment. *Id.* ¶¶ 73, 78, 82.

Defendant contends that this action should be dismissed pursuant to the first-to-file rule due to the ongoing litigation in the District of Nevada. Mot. at 6. Alternatively, Defendant argues this action should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because (1) the MFAA does not grant Plaintiffs standing to litigate in this Court, and (2) the relief Plaintiffs seek under the MFAA is not cognizable. Mot. at 2.

## DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

As an initial matter, in support of his Motion, Defendant requests judicial notice of various public records filed on the dockets of the Nevada Action and the Protective Action. *See generally* RJN. "Judicial notice under Rule 201 permits a court to notice an

---

[2] California Business & Professions Code § 6204(b) provides, in pertinent part: "If there is an action pending, the trial after arbitration shall be initiated by filing a rejection of arbitration award and request for trial after arbitration in that action within 30 days after service of notice of the award."

[3] Plaintiffs contend that the Nevada Action is not an "action pending" for the purposes of the MFAA; therefore, the proper way to seek a trial *de novo* after arbitration is through California Business & Professions Code § 6204(c), which provides: "If no action is pending, the trial after arbitration shall be initiated by the commencement of an action in the court having jurisdiction over the amount of money in controversy within 30 days after service of notice of the award."

[4] Defendant contends, and Plaintiffs do not challenge, that removal was timely under 28 U.S.C. § 1446(a). Removal ¶ 17. Defendant alleges that Plaintiffs never served him with the Summons and Complaint. *Id.* However, upon learning of this action, Defendant removed to this Court within thirty days. *Id.* ¶ 4.

adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)), *cert. denied*, 139 S. Ct. 2615 (2019). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)–(2)). "Accordingly, '[a] court may take judicial notice of matters of public record.'" *Id.* (alteration in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). "But a court cannot take judicial notice of disputed facts contained in such public records." *Id.* (quoting *Lee*, 250 F.3d at 689).

Because "filings and orders in other court proceedings[] are judicially noticeable for certain purposes, such as to demonstrate the existence of other court proceedings," *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1054 (N.D. Cal. 2012) (citing Fed. R. Evid. 201), *aff'd*, 520 F. App'x 534 (9th Cir. 2013), the Court finds it appropriate to judicially notice the existence of public records from the Nevada and Protective Actions, particularly given that Plaintiffs do not oppose Defendant's request.[5] Accordingly, the Court **GRANTS** Defendant's Request for Judicial Notice.

**DEFENDANT'S MOTION TO DISMISS UNDER THE FIRST-TO-FILE RULE**

**I.  Legal Standard**

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). It "is intended to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Id.* (quoting *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). "The first-to-file rule may be applied 'when a complaint involving the same parties

---

[5] Indeed, Plaintiffs submit their own copies of various court records from the Nevada and Protective Actions in support of their Opposition. *See* Declaration of Philip H. Stillman ("Stillman Decl.," ECF No. 8-1) Exs. 1–3. Although Plaintiffs do not request judicial notice of these documents, they rely on them to support their arguments. Accordingly, the Court also judicially notices the exhibits to the Stillman Declaration, to which Defendant likewise does not object.

4

21-CV-629 JLS (KSC)

and issues has already been filed in another district.'" *Id.* at 1240 (quoting *Alltrade*, 946 F.2d at 625). "Thus, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* (citing *Alltrade*, 946 F.2d at 625).

If the case meets the requirements of the first-to-file rule, the court has the discretion to transfer, stay, or dismiss the action. *Alltrade*, 946 F.2d at 628–29. Even when the rule would otherwise apply, however, the court has the discretion to "dispense" with its application "for reasons of equity." *Id.* at 628.

## II. Analysis

Defendant contends that, because the first-to-file rule applies, this case should be dismissed. Mot at 2. As noted, courts assess three factors in deciding whether the first-to-file rule applies: "[the] chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn*, 787 F.3d at 1240 (citing *Alltrade*, 946 F.2d at 625). Thus, the Court analyzes each of these factors in turn.

### A. *Chronology of the Lawsuits*

"The first—and most fundamental—requirement is that the [first-filed action] must have been filed prior to the second action." *Zimmer v. Dometic Corp.*, No. CV 2:17-cv-06913 ODW (MRWx), 2018 WL 1135634, at *3 (C.D. Cal. Feb. 22, 2018) (citing *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293–94 (N.D. Cal. 2013)). Plaintiffs filed their initial complaint in the Nevada Action on May 9, 2019. Mot. at 2; *see also* Chieffo Decl. Ex. 1. Plaintiffs filed the present action on March 3, 2021, *see* Mot. at 4, and Defendant removed it to this Court on April 12, 2021, *see generally* Removal. "[T]o properly apply the first-to-file rule [with regard to chronology], the district court need only find that . . . a pending case in another . . . court was previously filed." *Zimmer*, 2018 WL 1135634, at *3 (quoting *Luckett v. Peco Foods, Inc.*, No. 3:07cv86-KS-MTP, 2008 WL 534760, at *2 (S.D. Miss. Feb. 22, 2008)). That is the case here, and Plaintiffs do not meaningfully dispute this fact. Accordingly, this requirement for application of the first-to-file rule is met.

/ / /

### B. Similarity of the Parties

To meet the requirement of similarity of the parties, the parties in the two actions need not be identical. *Kohn*, 787 F.3d at 1240. Rather, "[t]he rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters." *Location Servs., LLC v. Digital Recognition Network, Inc.*, No. 2:18-CV-00893-KJM-AC, 2018 WL 3869169, at *2 (E.D. Cal. Aug. 15, 2018) (quoting *Peta, Inc. v. Beyond the Frame, Ltd.*, No. CV 10-07576 MMM SSX, 2011 WL 686158, at *1 (C.D. Cal. Feb. 16, 2011)). Plaintiffs are parties in both actions. *See* Mot. at 7; *see also* Chieffo Decl. Ex. 7. Defendant is a party in both actions as well. *See id.* Again, Plaintiffs do not dispute these fundamental and self-evident facts. And, although the Nevada Action names additional parties other than Defendant, *see id.*, that does not render the parties dissimilar. *See Location Servs.*, 2018 WL 3669169, at *2 ("It does not matter that . . . the Texas Action includes an additional party not proceeding in this instant lawsuit."). Accordingly, this requirement also is satisfied.

### C. Similarity of the Issues

With regard to the third factor, the similarity of the issues, as with the second factor concerning similarity of the parties, the issues in the two actions "need not be identical, only substantially similar." *Kohn*, 787 F.3d at 1240. The question is "whether there is 'substantial overlap' between the two suits." *Id.* at 1241 (citation omitted). "[I]f the question to resolve in the second matter is at the 'heart' of the first matter then the rule applies." *Location Servs.*, 2018 WL 3869169, at *2 (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)). In the Nevada Action, Plaintiffs' claims include breach of contract, quantum meruit, and unjust enrichment. Mot. at 8. In the present action, Plaintiffs allege breach of contract, services rendered,[6] and unjust

---

[6] For purposes of the first-to-file rule, Defendant (rightly) contends that services rendered is "basically a quantum meruit claim." Mot. at 4; *see Cashman v. Colo. Cas. Ins. Co.*, No. 2:10-CV-01852-RLH, 2011 WL 2149606, at *2 (D. Nev. June 1, 2011) ("When the attorney is discharged and the contract is terminated, 'the attorney may be compensated for the reasonable value of his services under quantum meruit principles.'") (citations omitted).

enrichment. *Id.* at 7–8. Additionally, the claims center around the same incident—Defendant's alleged breach of the Agreement. *Id.* at 8. Thus, the Court finds this requirement met as well. *See Global Music Rights, LLC v. Radio Music License Comm.*, No. 16 CV-09051-BRO (ASx), 2017 WL 3449606, at *7 (N.D. Cal. Apr. 7, 2017) (finding this requirement met where the plaintiff's two actions "involve[d] the same facts, the same set of negotiations, and overlapping evidence").

Accordingly, because the Court finds all three requirements satisfied, the first-to-file rule applies.

### D. Exceptions to the First to File Rule

Even though the first-to-file rule "should not be disregarded lightly," ultimately, the rule is discretionary. *Alltrade*, 946 F.2d at 625, 628. Thus, for reasons of equity, a court may depart from the rule. *Id.* at 627–28. Reasons of equity justifying such a departure include the first-filed suit being brought in bad faith, the first-filed suit being an anticipatory suit, or evidence of forum shopping. *Id.* Generally, however, arguments regarding the convenience of the parties should be decided by the first-filed court. *Global Music*, 2017 WL 3449606, at *7; *see also Wallerstein*, 967 F. Supp. 2d at 1293 ("The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action."). "The party seeking to deviate from the rule"—here, Plaintiffs—"has the burden to show that circumstances justifying an exception exist." *McNealy-Minor v. Bourne*, No. 20-cv-02338-VKD, 2020 WL 3451342, at *2 (N.D. Cal. June 24, 2020) (citing *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555–56 (S.D.N.Y. 2000)). The Court briefly analyzes each of these potential and recognized exceptions in turn.

#### 1. Bad Faith

"Bad faith is evident when the plaintiff in the first action induces the other party to, in good faith, rely on representations made by the plaintiff that it will not file first in order to preempt the other party from filing a suit in its preferred forum." *U.S. Bank, N.A. v. Sun Life Assurance Co. of Can.*, No. 17 CV-00670-BRO (ASx), 2017 WL 5957644, at *10

(C.D. Cal. June 17, 2017) (quoting *Audiosonics Sys., Inc. v. AAMP of Fla., Inc.*, No. CV 12-10763 MMM (JEMx), 2013 WL 12129650, at *6 (C.D. Cal. Apr. 19, 2013)). "Where courts have found bad faith, the parties have discussed or begun preparing for litigation and one party has made an affirmative representation inducing the other party not to file suit first." *Id.* That is not the case here. Rather, Plaintiffs filed the first action, and then proceeded to file the present action. *See* Mot. at 1. Accordingly, the bad faith exception does not apply on these facts.

### 2. Anticipatory Suit

"Generally a suit is anticipatory when the plaintiff files suit upon receipt of specific, concrete indications that suit by a defendant is imminent." *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014). Here, however, Defendant never indicated he would file suit. Rather, Plaintiffs filed both the Nevada Action and the present action. *See* Mot. at 7–8. Accordingly, this exception does not apply, either.

### 3. Forum Shopping

Forum shopping occurs where a party attempts to gain a tactical advantage by filing suit first in a favorable venue. *See Vivendi SA v. T-Mobile USA, Inc.*, 586 F.3d 689, 695 (9th Cir. 2009). Again, Plaintiffs filed both lawsuits. *See* Mot. at 7–8. Accordingly, this exception also appears not to apply.

Because none of the established reasons of equity justify departure from the first-to-file rule, the Court finds it proper to apply the first-to-file rule here.

### E. Whether to Dismiss, Transfer, or Stay This Action

Because the first-to-file rule applies to this action, this Court "has discretion to transfer, to stay, or to dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai*, 125 F.3d at 769. Practical considerations, along with principles of fairness and equity, guide this decision. *Alltrade*, 946 F.2d at 629. Generally speaking, dismissal is proper where "the later-filed case duplicates a claim in the first-filed action." *Location Servs*, 2018 WL 3869169, at *3. Additionally, "[d]ismissal is proper where the

court of first filing provides adequate remedies." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008).

The present case essentially duplicates the Nevada Action. The parties and the claims are substantially the same, and the dispute revolves around Defendant's alleged breach of the Agreement. *See* Mot. at 8. These facts weigh in favor of dismissal. *See Location Servs.*, 2018 WL 3869169, at *3 (finding dismissal proper where the action before the court duplicated an action already filed in Texas). Moreover, Plaintiffs have not suggested, nor can the Court discern any reason, why Plaintiffs would not be afforded an adequate remedy as to the asserted claims in the Nevada Action. *See generally* Opp'n. This, too, weighs in favor of dismissal. *See De La Cruz v. Target Corp.*, No. 18-cv-0867 DMS (WVG), 2018 WL 3817950, at *2 (S.D. Cal. Aug. 8, 2018) (finding dismissal proper where the plaintiff did not argue the first-filed action would afford insufficient remedies).

Nonetheless, jurisdictional concerns in the first-filed court "counsel[] against outright dismissal." *U.S. Bank*, 2017 WL 5957644, at *14. "[W]here the first-filed action presents a likelihood of dismissal, the second suit should be stayed, rather than dismissed." *Alltrade*, 946 F.2d at 629. Additionally, concerns over the statute of limitations period militate against dismissal, as does the court of first filing preparing to transfer the action to the second-filed court. *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1020 (N.D. Cal. 2020) (citing *Alltrade*, 946 F.2d at 627–29).

Plaintiffs do not contend that the Nevada Action likely will be dismissed. *See generally* Opp'n.[7] Nor is there any indication that the District of Nevada is preparing to transfer the Nevada Action to this Court. *See generally id.* However, Plaintiffs argue that if this action is dismissed, Defendant may claim that Plaintiffs are precluded from challenging the arbitration award because they did not initiate suit within thirty days. *See*

---

[7] The Court does note that, in the Nevada Action, Defendant has filed a motion to dismiss two fraud claims in the Fourth Amended Complaint. *See* Chieffo Decl. ¶ 10. However, it does not appear that the *entire* Nevada Action risks dismissal, as Plaintiffs' Fourth Amended Complaint alleges several other causes of action against Defendant in addition to claims against other parties. *See id*. Ex. 7.

9

21-CV-629 JLS (KSC)

Opp'n at 5.[8] Given this legitimate concern, the Court **STAYS** the present action. *See U.S. Bank*, 2017 WL 5957644, at *14 (staying action due to jurisdictional concerns).[9]

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Request for Judicial Notice (ECF No. 3) and **STAYS**, rather than dismisses, this action pursuant to Defendant's Motion to Dismiss Under the First-to-File Rule (ECF No. 3). The Parties **SHALL FILE** a Joint Status Brief, not to exceed ten (10) pages, no more than fourteen (14) days after the District of Nevada rules on Plaintiffs' Motion to Strike in the Nevada Action.

**IT IS SO ORDERED.**

Dated: July 7, 2021

Hon. Janis L. Sammartino
United States District Judge

---

[8] Plaintiffs also argue that dismissal could have an issue preclusive effect. *See* Opp'n at 5. In light of the Court's disposition of the Motion, which neither delves into the merits nor dismisses the action, the Court need not address that argument here.

[9] Alternatively, Defendant requests that this Court dismiss for failure to state a claim upon which relief can be granted. Mot. at 9–10 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Because the Nevada Action duplicates this action and is procedurally more advanced, the Court declines to address this alternative ground for dismissal, which would be better addressed in the District of Nevada.